# In the Court of Common Pleas of Schuylkill County.

## WM. SAYLOR *v.* R. R. MORRIS.

A judgment by default on an appealed case not taken in accordance with the rule in such cases is-of no validity and will be set aside.

**Rule to show cause why judgment should not be stricken off.**

Opinion delivered August 31, 1873, by

PERSHING, P. J. The plaintiff in this case obtained a judgment against the defendant before a justice of the peace. The defendant appealed the case into court, but having neglected to file his affidavit of defence judgment was taken against him by default. By the written directions of plaintiff's attorney the damages were assessed by the Prothonotary at the amount of the copy of the book account filed by the plaintiff. The 49th rule of Court which regulates the taking of judgments on appeals, for want of an affidavit of defence, provides that "the plaintiff, having filed a declaration or statement, and copy of his claim, within the first week of the term, shall be entitled to a judgment for the amount of the judgment of the justice, with interest, and with costs," &c. The judgment in this case was not taken for an amount ascertained, viz: the judgment of the justice, but for an amount to be ascertained by an assessment of damages. This was following the practice under the 47th rule of Court, which is applicable alone to suits originally instituted in the Court, and is authorized by the special Act of Assembly, passed April 14th, 1851. The whole proceeding in this case ignores the judgment of the justice, and is outside of the only rule (49th,) which could give a judgment of this Court validity when taken by default on the transcript of the justice of the peace.

Whether, as suggested, in the absence of a statute authorizing it, judgment can be taken under the 49th rule of Court, by default, in such cases as the one now before us, it is not necessary for us to decide. The rule is a fair one, and we are disposed to uphold it, but we will not stretch it beyond its proper limits so as to make it embrace cases that are not fairly and plainly within it. We will refer the controversy between the parties in this case for settlement to a jury.

And now Aug. 31st, 1874, the judgment in this case stricken off the record, and the proceedings under it set aside, at the costs of the plaintiff.